UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN J. MATZ and
RACHEL LYNN MATZ,

    Plaintiffs,

v.                                                                                                                          Case No. 07-13447
                                                                                                                Hon. Sean F. Cox

NORTHWEST AIRLINES, and
KLM ROYAL DUTCH AIRLINES,

    Defendants.

_____

## **OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for leave to file an Amended Complaint. The parties have briefed the issues and the court declines to hear oral argument pursuant to E.D.Mich. LR 7.1. For the following reasons, the Court **DENIES** Plaintiffs' Motion for leave to file an Amended Complaint.

### I.    BACKGROUND

This action arises out of allegedly poor treatment during Plaintiffs' travel to Kilimanjaro in February 2007. Plaintiffs purchased round trip tickets from Detroit Metropolitan Airport to Kilimanjaro International Airport, through Amsterdam, from Defendants.

During the flight to Kilimanjaro, Plaintiffs claim their luggage was lost and they were denied a complimentary toiletry kit. Plaintiffs requested and were denied a transportation credit toward future travel. It appears Plaintiffs' luggage was eventually returned. Additionally, Plaintiffs' return flight from Kilimanjaro to Amsterdam was delayed 30 hours. Plaintiffs

1

contend they were not given accurate announcements regarding the delay. Plaintiffs further contend that the hotel Defendants put them up in was 50 miles from the airport and vermin infested. Plaintiffs claim they suffered insect bites as a result.

On July 16, 2007, Plaintiffs filed an action in the Michigan 46th District Court. Plaintiffs alleged two counts for breach of the contract of carriage. Defendants removed the action to this Court on August 17, 2007. On April 7, 2008, Plaintiffs filed the instant Motion for leave to amend the Complaint to add a claim for violation of the Michigan Consumer Protection Act ("MCPA"). Defendants oppose the Motion, arguing that any claim under the MCPA is preempted by the Montreal Convention, thus amendment would be futile. Plaintiffs did not file a Reply.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 15(a) provides, in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...[o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

"[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (citation omitted). "The decision as to whether justice requires the amendment is committed to the district court's sound discretion." *Id.* "Abuse of discretion occurs when a district court fails to state the basis of its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent." *Id.*

## III. ANALYSIS

The court considers several elements in ruling on a motion to amend, including "[u]ndue

delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment..." *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Delay by itself is not sufficient reason to deny a motion to amend." *Id.* "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Id.*

In this case, the parties do not address delay or prejudice, the only factor raised by Defendants is the futility of the amendment. Although FRCP 15(a) declares that leave to amend shall be freely given when justice so requires, when amendment is futile, leave should be denied. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). "In reviewing for 'futility' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion [for failure to state a claim]." *Id*. *See also Keweenaw Bay Indian Community v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993) and *Bauer v. RBX Industries, Inc*., 368 F.3d 569, 585 (6th Cir. 2004).

"[A] complaint may be dismissed for failure to state a claim upon which relief can be granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor". *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted); see also Fed.R.Civ.P. 12(b)(6). The plaintiff is not required to provide detailed factual allegations, but must "provide the grounds of his entitlement to relief" by offering more than "labels and conclusions." *Bell Atlantic Corporation v. Twombly*, 127

3

S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient to state a claim. *Id*. at 1965. The plaintiff is required to plead enough facts to state a claim to relief that is plausible on its face. *Id*. at 1974.

Plaintiffs seek to add a claim for violation of the MCPA. Specifically, Plaintiffs allege that the tickets they purchased and Defendants' website contain the terms of the Contract of Carriage. Plaintiffs argue that because Defendants failed to comply with the terms of the Contract of Carriage, they have violated several provisions of the MCPA. Plaintiffs allege that "[a]s a direct and proximate consequence of Defendant's violation of the MCRA, Plaintiffs have sustained damages as more fully stated in paragraph 27." [Proposed Amended Complaint, ¶37]. Paragraph 27 of Plaintiffs' Proposed Amended Complaint alleges the following damages: (1) inconvenience; (2) aggravation; (3) insect bites; (4) physical and emotional pain and suffering; (5) loss of the natural enjoyments of life; (6) time missed from school and work; (7) economic loss; and (8) other injuries and damages as may be determined.

Defendants argue Plaintiffs cannot maintain a claim under the MCPA because state law claims are preempted by the Montreal Convention.[1] The purpose of the Montreal Convention, like its predecessor, is to "achieve uniformity of rules governing claims arising from international air transportation." *El Al Israel Airlines, Ltd v. Tseng*, 525 U.S. 155, 169 (1999). An additional purpose is "to accommodate or balance the interests of passengers seeking recovery...and the interests of air carriers seeking to limit potential liability." *Id.* at 170. The

---

[1] The Montreal Convention went into effect on November 4, 2003, it supersedes the Warsaw Convention.

Montreal Convention covers three types of air carrier liability, Article 17[2] covers personal injury and damage to baggage; Article 18 covers damage to cargo; and Article 19[3] covers damage due to delay.

In *Tseng*, the plaintiff sought damages for psychological injuries suffered as a result of an invasive security search. The Convention does not provide for such damages unless accompanied by physical injury. Thus, the plaintiff sought relief under state law. The Court held that while air carriers are liable under local law for injuries outside the scope of the Montreal Convention, recovery for injuries that fall within the Convention "if not allowed under

---

[2] 1. The carrier is liable for damage sustained in the case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

2. The carrier liable for damage sustained in case of destruction or loss of, or of damage to, checked baggage upon condition only that the event which caused the destruction, loss or damage took place on board the aircraft or during any period within which the checked baggage was in the charge of the carrier. However, the carrier is not liable if and to the extent that the damage resulted from the inherent defect, quality or vice of the baggage. In the case of unchecked baggage, including personal items, the carrier is liable if the damage resulted from its fault or that of its servants or agents.

3. If the carrier admits the loss of the checked baggage, of if the checked baggage has not arrived at the expiration of twenty-one days after the date on which it ought to have arrived, the passenger is entitled to enforce against the carrier the rights which flow from the contract of carriage.

4. Unless otherwise specified, in this Convention the term "baggage" means both checked baggage and unchecked baggage.

[3] The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures.

5

the Convention, is not available at all." *Tseng*, 525 U.S. at 161, 172. The Court reasoned that recourse under local law for damages within the scope of the Convention "would undermine the uniform regulation of international air carrier liability that the [Montreal] Convention was designed to foster." *Id.* at 161. Accordingly, because the plaintiff's injury arose while she was embarking as contemplated by Article 17 of the Convention, the Convention was her exclusive remedy, notwithstanding the fact that her particular injury was not compensable under the Convention.

Similarly, in this case, all of Plaintiffs' alleged damage occurred as a result of Defendants' baggage handling and handling of the delay. Accordingly, regardless of whether Plaintiffs' alleged injuries are ultimately compensable under the Montreal Convention, the Montreal Convention is the exclusive remedy. It would be futile to allow Plaintiffs to amend the Complaint and add a state law cause of action for damages contemplated by the Montreal Convention.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for leave to amend the Complaint.

**IT IS SO ORDERED.**

        **S/Sean F. Cox**
        **Sean F. Cox**
        **United States District Judge**

**Dated: May 13, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on May 13, 2008, by electronic and/or ordinary mail.**

        **S/Jennifer Hernandez**
        **Case Manager**